782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL TUCKER, Plaintiff-Appellant,
v.
MARGARET M. HECKLER, SECRETARY DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Defendant-Appellee.
 84-6127
 United States Court of Appeals, Sixth Circuit.
 12/26/85
 
 Before: JONES and WELLFORD, Circuit Judges, and DeMASCIO*, District Judge.
 PER CURIAM.
 
 
 1
 Paul A. Tucker, applied for disability insurance benefits on February 10, 1982. After a de novo hearing, the administrative law judge concluded that Tucker was not disabled. On appeal to the district court, the matter was referred to a magistrate, who issued a report and recommendation suggesting that there was substantial evidence to support the Secretary's decision. On November 27, 1984, the district court adopted the magistrate's report and recommendation and entered judgment for the Secretary.
 
 
 2
 At the time of his administrative hearing, Tucker was 37 years old and had a 12th grade (GED) education. His past relevant work was as a farm laborer from 1965-69 and a tire builder from 1969-81. His claimed disabilities are: (a) spasm in lumbrosacral spine; (b) hypoglycemia; (c) major depressive disorder; and (d) hypertension.
 
 
 3
 The record contains medical reports from two treating physicians, one consulting and one examining physician. Charlene Robinson, M.D., treated Tucker for hypoglycemia, evidenced by a glucose tolerance test taken December 2, 1980. In a report, dated July 14, 1982, the doctor indicated that Tucker's condition had not been controlled by diet or medications. This report also lists a number of other medical conditions, primarily based on history rather than examination. In a subsequent handwritten report, Dr. Robinson concluded that Tucker 'is disabled for future work or gainful employment.' John Noonan, M.D. diagnosed chronic back strain, noting a ten-year history. In a report dated November 2, 1981, Dr. Noonan opined that Tucker 'cannot go back to tire building and probably in the future can return to some type of lighter job.'
 
 
 4
 In addition, Tucker visited David Gilliam, M.D. to 'have his depression evaluated and documented.' Doctor Gilliam found that Tucker's history is compatible with a 'major depressive disorder, single occurrence.'
 
 
 5
 The following year, Donald G. Hughes, M.D., examined Tucker on May 27, 1982 at the request of the Secretary. Dr. Hughes made findings of chronic low back pain, possible osteoarthritis, possible abnormality of lumbar spine, obesity, and other conditions by way of history.
 
 
 6
 Tucker testified on his own behalf at the hearing, indicating that he suffers from chronic back pain, aggravated by prolonged sitting (Tr. 33-34), dizziness and blackouts (Tr. 26, 38, 48) and a forty-five percent (45%) hearing loss in both ears (Tr. 49). The administrative law judge concluded: (a) that Tucker has the following impairments: hypoglycemia, hypertension and situational depression; (b) that the weight of the evidence does not support his testimony as to severe pain; and (c) that Tucker has no severe impairment. The only issue before the court is whether substantial evidence supports the Secretary's decision. Tucker specifically contends that the administrative law judge erred in discounting the opinions of his treating physicians and by failing to consider the combined effect of his impairments.[1]
 
 
 7
 The medical opinions and diagnoses of treating physicians are generally accorded substantial deference; however, these opinions must be based on sufficient medical data. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Here, both treating physicians opined that Tucker was disabled or otherwise unable to return to his relevant past work. The administrative law judge correctly noted that there was a lack of clinical and/or laboratory findings to support these conclusions. Dr. Robinson's opinion that Tucker is disabled due to hypoglycemia is based on a single glucose tolerance test taken years earlier. No subsequent tests were ever performed. Dr. Noonan's conclusion that Tucker cannot return to work as a tire builder, but may someday return to lighter work, is similarly not based on specific clinical or laboratory findings.
 
 
 8
 Although it appears that this determination by the Secretary is correct, there is no indication that the administrative law judge considered the effect of Tucker's medical problems in combination with the finding of depressive disorder. A disability may be established by a claimant suffering from a variety of medical problems, no one of which might be sufficiently disabling to prevent substantial gainful employment, but when taken together, have that result. Hurst v. Schweiker, 725 F.2d 53, 55-6 (6th Cir. 1984); Allen v. Califano, 613 F.2d 139 (6th Cir. 1980). We conclude that this matter should be remanded to the Secretary with instructions that Tucker's medical problems be considered in combination with his alleged mental impairment.
 
 
 9
 Accordingly, this cause is REMANDED to the Secretary for further administrative proceedings consistent with this opinion.
 
 
 
 *
 Hon. Robert E. DeMascio, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Tucker's final contention of error in the magistrate's findings cannot be considered by the court due to Tucker's failure to designate the report and recommendation as part of the record on appeal